# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40873
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

IRENE YVETTE MOLINA,

    Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-150

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Irene Yvette Molina was arrested at a border patrol checkpoint after she was found with a package of heroin taped to her midsection. Molina was traveling on a commercial bus from Mexico to the United States when the bus was stopped for a routine immigration inspection in Falfurrias, Texas. One of the agents noticed that Molina would not make eye contact and that she was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hunched over and grabbing her waist. He questioned her to confirm she was an American citizen, then asked her to unzip her jacket all the way and lean forward. When she complied, he noticed something protruding from Molina's back and asked Molina to step off the bus. Molina consented to a pat down, which revealed a hard object on her back. A female agent was then called to perform a more thorough search. She arrived about seventeen minutes later and performed the search that resulted in discovery of the heroin. Molina was arrested.

Molina filed a motion to suppress evidence on two grounds: (1) the border patrol agent lacked reasonable suspicion or consent before he requested that Molina lean forward, an act that made the object protruding from Molina's back apparent; and (2) the detention exceeded its permissible length. After a hearing in which two of the agents testified, the district court denied the motion. Molina now appeals.

In reviewing a district court's denial of a motion to suppress, this court reviews questions of law de novo and factual findings for clear error, viewed in the light most favorable to the prevailing party, in this case the United States. *United States v. Portillo-Aguirre*, 311 F.3d 647 (5th Cir. 2002); *United States v. Solis*, 299 F.3d 420, 435 (5th Cir. 2002). "The voluntariness of consent is a question of fact to be determined from a totality of the circumstances." *Solis*, 299 F.3d at 436. When the underlying facts are undisputed, this court "may resolve questions such as probable cause and reasonable suspicion as questions of law." *Portillo-Aguirre*, 311 F.3d at 652 (citation omitted).

The Supreme Court has recognized the constitutionality of stops for questioning at border patrol checkpoints. *United States v. Martinez-Fuerte*, 428 U.S. 543 (1976). The purpose of those stops must be to enforce immigration laws, so unrelated searches or extended detention must be based on consent or probable cause. *Id.*; *United States v. Machuca-Barrera*, 261 F.3d 425, 431 (5th

No. 14-40873

Cir. 2001) ("The scope of an immigration checkpoint stop is limited to the justifying, programmatic purpose of the stop: determining the citizenship status of persons passing through the checkpoint.").

It is within this Fourth Amendment framework that we consider whether Molina was subjected to an unconstitutional search. Molina first argues that the border patrol agent lacked reasonable suspicion or consent before he "command[ed]" her to lean over and then visually inspected her. A review of the record reveals that the district court did not clearly err when it found that "Defendant consented to a search when she agreed to unzip her jacket and to lean forward." ROA 42. The district court heard testimony from both Agent Tista, who first saw Molina on the bus, and Agent Jackson, the female agent who searched Molina. On direct examination, Agent Tista explained that he "told her if she would mind unzipping her jacket," and when she only unzipped it two or three inches, he again "asked her if she would mind unzipping it all the way so [he] could see her waist." ROA 100, 102. On cross examination, Agent Tista confirmed that Molina gave consent, unzipped her jacket, and when he asked Molina to lean forward, she did, which revealed a "protrusion" on her back. ROA 114. He then asked Molina to step off the bus.

The district court did not clearly err in crediting Agent Tista's testimony and concluding that Molina consented to unzipping her jacket and leaning forward when she was asked. *See Solis*, 299 F.3d at 436 ("Where the judge bases a finding of consent on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses." (citations omitted)).

Molina also argues that the district court erred when it found that "any questioning that may have occurred beyond the permissible length of the immigration stop was lawful," because it was supported by "reasonable suspicion of other criminal activity warranting further investigation." ROA

3

No. 14-40873

43. Molina contends that the search should have been over after Agent Tista ascertained that she was a citizen but that it was unlawfully prolonged when he asked her to unzip her jacket and lean forward, and then asked her to step off the bus for a pat down. Additionally, it took seventeen minutes for the female officer to arrive to perform a more thorough search. All of this, Molina argues, was impermissible and unsupported by reasonable suspicion or any individualized suspicion of wrongdoing.

Although the permissible duration of an immigration checkpoint stop is the brief "time reasonably necessary to determine the citizenship status of the persons stopped," a border patrol agent may "extend a stop based upon sufficient individualized suspicion." *Machuca-Barrera*, 261 F.3d at 433–34. Both the length of the detention and the time necessary to request consent to extend the detention are included in the permissible duration of the stop, and it is therefore "necessarily irrelevant" whether the non-immigration questions come before or after the immigration questions. *United States v. Jaime*, 473 F.3d 178, 185 (5th Cir. 2006).

We agree with the district court that "Agent Tista's testimony clearly established the reasonable suspicion necessary to question Defendant about non-immigration matters beyond the permissible length of the immigration stop." ROA 43. Agent Tista noticed Molina avoiding eye contact before he began questioning her, he observed her "hunched over and grabbing her waist," and also saw a "bulge" on her stomach, all of which combined to generate reasonable suspicion that she possessed contraband. And once the agent conducted the consent patdown and was able to feel the contraband, he had additional suspicion to justify the time it took for the female agent to arrive.

Based on the record and our standard of review, the district court did not err when it held that the search of Molina was lawful. Accordingly, the district court's denial of Molina's motion to suppress is AFFIRMED.

4